*Anna Louise Madden v. John E. Madden.

**Division of Property not Predicated upon Decree on Petition for Alimony Alone.**

> A court will not upon petition, filed under Sec. 5702 Rev. Stat., for alimony alone, anticipate a decree for divorce and consequent division of property unless required by the facts, and the decree must expressly show that the allowance made comprehends such division. Hence, granting a wife alimony in monthly installments and reserving the right of modification thereof, conclusively tend to show that the allowance is support and maintenance alone, which, upon her marriage to another man abundantly able to support his wife, may be terminated as of the date of remarriage. The mere fact that the petition alleged, and the court considered her assistance in the accumulation of her former husband's property, is not sufficient to show that division was intended.

**C. W. Baker,** for plaintiff in error.

**W. Lindsay, Workum & Bowdle** and **C. B. Wilby,** for defendant in error.

**GIFFEN, J.**

The petitioner seeks to revise the decree for alimony entered February 7, 1906, and the chief question presented is whether the allowance was intended for the maintenance or support of the wife, or a division of the husband's property. If the latter, it is final, but if the former, it may be revised or terminated according to the changed circumstances of the parties. The amended petition upon which the decree was granted was for alimony alone under Sec. 5702 Rev. Stat., but contained an averment that she materially assisted her husband in accumulating his property, which averment was denied in the answer.

The court found "on the issues joined in favor of the plaintiff and that the plaintiff is entitled to reasonable alimony out of the defendant's real and personal property as prayed for." It is claimed

---

*Reversing *Madden v. Madden*, 18 Dec. 167.

·Madden · v. · Madden.

that this finding includes the issue that the plaintiff assisted her husband in acquiring his property, and that the alimony was allowed, not for  the support of the wife, but as a permanent division of the husband's property.  The only issues joined which entitled the plaintiff to reasonable alimony were such only as were based upon the statutory grounds for alimony.  The efforts of the wife in acquiring the property were relevant only to the amount or reasonableness of the alimony and would have been considered by the court·as well without as with the averment to that effect.

Suppose the court had found no statutory ground for granting alimony, would it nevertheless have proceeded to render a judgment in favor of the wife for her share of the property?  We think not, as the very nature of the case requires such finding to support any judgment whatever.

In the case of *Weidman* v. *Weidman*, 57 Ohio St. 101, 104 [48 N. E. Rep. 506], it is said:

"The property of the husband is usually the result of the joint efforts of both husband and wife, and upon dissolution of the marriage she is entitled to her equitable share of the property as alimony."

The dissolution of the marriage works a dissolution of a business partnership such as is averred in the amended petition; but a court will not, upon a petition for alimony alone, anticipate a decree for divorce and the consequent division of the property, unless the facts require it, and if they do then the judgment should expressly show that the allowance is made not for support of the wife, but as a division of the property.

Convincing evidence of the character of the alimony is found in the fact that no petition for divorce had been filed; in the provision for payment in monthly installments, and in the reservation by the decree itself of the right of the plaintiff or defendant, in the event of a change of circumstances, to apply to the court for a modification or termination thereof—all tending to show the allowance was intended as maintenance.

Whatever effect may have been given to the evidence tending to prove assistance of the wife in acquiring the property, was merged in the judgment for alimony and only increased the amount.

The changed circumstances relied on to terminate the allowance are the divorce subsequently granted to plaintiff and her marriage to another man, who is abundantly able to support her as in her former state.  It is also admitted that plaintiff claims nothing by way of support.

Our conclusion therefore is that the alimony be terminated as of the date of remarriage.

**Swing** and **Smith, JJ.,** concur.